**FROM: The District Court of the 11th Judicial District.**
**County of Flathead.**

STATE OF MONTANA,

            Plaintiff,                                      NO. DC 95-014(B)

    vs.                                                          DECISION

Leslie Marie Johnson,

            Defendant.

On May 22, 1995, it was the judgment of the court that the defendant serve a term of ten (10) years at the Montana State Prison. The defendant is to be ineligible for parole until she completes all phases of the chemical dependency program available at that facility, undergoes a mental health evaluation, and follows all recommendations resulting from those programs to the satisfaction of her supervising officer and treatment providers. Should the defendant be granted parole, she must follow all rules and requirements imposed by this Court's April 27, 1995, Judgment as conditions of her supervised release from prison (excluding, of course, the requirements that she serve ninety (90) days in the Flathead County Detention Center.) The defendant is to be given credit for 14 days served in the Flathead County Detention Center pending final disposition in this matter.

On October 20, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Lynn Dankowski, legal intern of the Montana Defender Project. The state was represented by Ed Corrigan, Deputy County Attorney from Kalispell.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision

of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

Upon a consideration of the record presented it is the decision of the Sentence Review Division, by majority vote, that the sentence must be, and is hereby VACATED.

This matter is REMANDED to the Hon. Katherine Curtis, District Judge, to re-sentence Ms. Johnson.

The majority of the Sentence Review Board finds the explanation given by Ms. Johnson for her failure to return to the Flathead County detention facility, and thereby violate the terms of her suspended sentence, to be incredible. The Sentence Review Board also finds that the further reasons given for not following the terms of her suspended sentence are not alone a sufficient reason to modify her present sentence.

The majority of the board does, however, find that prior to Ms. Johnson not reporting to jail as ordered, inappropriate behavior did occur between this female defendant, who was a prisoner, and a male law enforcement officer in a position of authority at the jail. There is no record that the sentencing judge was aware of such incident at the time Ms. Johnson's suspended sentence was revoked.

The majority of the Sentence Review Board also finds there is a possibility, however remote, that Ms. Johnson did not tell Judge Curtis of the alleged assault on her by a deputy sheriff because she was ordered not to do so by investigating officers. Therefore, to avoid the appearance of impropriety, she must have the opportunity to make such argument to the sentencing judge.

While the majority of the Sentence Review Board does not find the revocation of Ms. Johnson's suspended sentence to be unwarranted, even considering her belated explanation for violation of the terms of suspension, the board does not have all of the necessary evidence to properly sentence her. Therefore the board has no choice other than to vacate the sentence and remand to the District Court for Flathead County for re-sentencing after a hearing in which all relevant information is presented.

**Hon. John Warner, Chairman and Hon. Robert Boyd, Alternate Member.**

DISSENT: **THE HONORABLE JEFFREY SHERLOCK** dissents as follows:

I find the defendant, Ms. Johnson, to be an incredible, lying, manipulative individual that is right where she belongs. The action taken by the majority of the board might allow her to escape her just punishment, and may encourage her in further manipulation of the system. I agree with the defendant's cell mate who describes Ms. Johnson as a pathological liar. I would affirm the sentence.

I also remind the district court that the majority of the Sentence Review Board does not tell the District Court Judge not to send the defendant to jail. What the majority tells her to do is consider these additional facts and indicate whether or not they should make a difference in the sentence.

Done in open Court this 20th day of October, 1995.

DATED this 1st day of November, 1995.

The Sentence Review Board wishes to thank Lynn Dankowski, legal intern of the Montana Defender Project, for representing Ms. Johnson in this matter and also to Ed Corrigan, Deputy County Attorney from Kalispell for representing the State.

**FROM: The District Court of the 4th Judicial District.
County of Missoula.**